7L 349
13L 298

## JOHN CANTER *v.* THE STATE.

1. CRIMINAL LAW. *False pretense.* To make a case under our statute, it must appear that the owner intended to part with the title to the property; if he intended to part only with possession, it might be larceny, but not a case under the statute for obtaining goods under false pretense.

2. SAME. The false pretense must be as to an existing fact, not a mere promise to do something in the future.

FROM GREENE.

Appeal in error from the Circuit Court of Greene county. NEWTON HACKER, J.

H. H. INGERSOLL for Canter.

ATTORNEY-GENERAL LEA for the State.

MCFARLAND, J., delivered the opinion of the court.

This is a conviction for obtaining goods under false and fraudulent pretenses. The indictment charges that the defendant feloniously and fraudulently obtained from the firm of G. B. Park & Co. a pair of pants and a pair of shoes, "by means of falsely and fraudulently pretending and representing that W. A. Leming owed him four dollars and seventy-five cents, and by falsely and fraudulently pretending that he could not, at the store of said G. B. Park & Co., try on the said articles to determine whether they would fit, but that he would take the said articles away and would return them as soon as he could try them on, when the said Leming would get said goods and pay for them for him, the said John Canter, which said pretense was wholly untrue, and said John Canter well knew the same to be false and untrue; that, in fact, the said Leming did not owe him any amount, nor had he, the said John Canter, any arrangement or understanding with said Leming to get said articles for him and pay for them, as he falsely and fraudulently represented and pretended," &c.

When analyzed, the charge means this—that upon the pretense of the defendant that he could not try on the articles at the store to see if they would fit, the owner permitted him to take them away for the

purpose of trying them on, upon his promise to return them, the defendant at the same time representing that Leming owed him four dollars and seventy-five cents, and would come and buy the articles for him and pay for them.   And this is the case made by the proof.   The merchant in his testimony says in substance that there was no sale of the goods, the title did not pass, they were to be returned in any event, and there was to be no sale until Leming came and paid for the goods; that he would not sell to either of them except for the cash.   The defendant, however, failed to return the goods, and it was proven that Leming owed him nothing and had not promised to purchase the goods for him.

The motion of the defendant to arrest the judgment should have been sustained.

1st. The indictment does not make a c se under our statute, which is said to be almost a transcript of the English statute (30 George II., ch. 24), and of the New York statute.   To make out a case, it must appear that the owner meant to part with the right of property in the thing obtained, and not the mere possession of it.   If the owner part with the possession only, and not the right of property, it is larceny: see Archbold Cr. Pl. and Pr., marg. p. 476. Or if the felonious purpose to appropriate the goods be formed after the possession was obtained, it might be a felonious breach of trust under our statute.

2d. The pretense must consist of a statement of *some existing fact*, and not a mere promise of something to be done in the future: *Ibid.,* 475.

The representation of the defendant that Leming owed him, was a representation as to an existing fact; but this, taken alone, related only to the defendant's ability to pay. It was not represented, as in the McCorkle case (1 Cold.), that Leming had given him an order to buy the goods on his credit, nor was there a sale upon such representation, or in fact any sale at all. The other representations were as to what the defendant promised to do in the future, or what Leming was to do for him. The pretense that he could not try on the articles in the store, was one not likely to deceive any one, as the merchant was as well qualified to judge of this as the defendant: *Chapman* v. *The State*, 1 Cold.; *The State* v. *DeHart*, 6 Baxt., 222; *Moulden* v. *The State*, 5 Lea, 577.

The judgment of the circuit court must be arrested.