OWEN v. STATE.

(Division B. March 9, 1931.)

[132 So. 753. No. 29266.]

C. E. Morgan, of Kosciusko, for appellant.

**Eugene B. Ethridge,** Assistant Attorney-General, for the state.

Argued orally by **C. E. Morgan,** for appellant and by **Eugene B. Ethridge,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, L. D. Owen, was indicted, tried, and convicted of obtaining property under false pretense. The indictment charged that L. D. Owen, devising and intending by unlawful ways and means to obtain and get into his hands and possession the goods and property of one J. B. Terry, with the intent to cheat and defraud the said J. B. Terry of his property and goods, did then and there feloniously, knowingly, and designedly falsely pretend and represent to the said J. B. Terry that the said L. D. Owen was the duly authorized agent of one L. D. Leach & Co., a foreign corporation, and that the said L. D. Leach & Co. had employed and sent him the said L. D. Owen to buy and receive for the said L. D. Leach & Co. certain timbers and poles, and which said timbers and poles the said L. D. Owen then and there represented that the said L. D. Leach & Co. would receive and pay the said J. B. Terry therefor, and the said J. B. Terry, believing said false pretenses and representations to be true, was induced thereby to deliver, and did deliver, to the said Owen certain timbers and poles, of the goods and property of the said J. B. Terry, and of the value of one hundred dollars, and the said Owen did then and there knowingly receive and feloniously and willfully obtain said property and effects of the said Terry by means of false pretenses and representations, with the felonious intent to cheat and defraud the said Terry of his said property; whereas in truth and in fact the said Owen was not the authorized agent of the said L. D. Leach & Co., and had not been then and there employed and sent by the said L. D. Leach & Co. to purchase and receive for them the said timbers and poles, all of which the said Owen then and there well knew, and against the peace and dignity of the state of Mississippi.

The state proved the allegation that Owen represented himself to be the agent of L. D. Leach & Co., and that Terry sold the poles to him, believing such to be true; that the first poles so delivered to Owen by Terry were shipped to L. D. Leach & Co., and Owen paid Terry for them. Subsequently, other poles were delivered to Owen and shipped by him to L. D. Leach & Co.; these were not paid for. It is shown in the proof that Owen represented that the reason they were not paid for was that they did not come up to specifications or to the standard required by the contract. It appeared that an agent of L. D. Leach & Co. came to Durant, Mississippi, for the purpose of investigating the matter, but this witness was not produced in court, and statements made by him were not admitted in the evidence on the trial. There was other effort to show that one witness, a lawyer employed by Terry to look into the matter, called over telephone by long distance the office of L. D. Leach & Co. at Chicago, but, on objection, he was not permitted to state what was said in the conversation with the representative of L. D. Leach & Co., if it was such representative that he talked to.

Another witness was introduced who testified that Owen stated to him he was representing L. D. Leach & Co.; and that he had quite a lot of poles, and wanted to know if the witness could assist him (Owen) in getting poles, and if he knew the owners of land where he could get poles, and that he was to assist Owen in obtaining contracts for poles upon a basage of compensation upon the measurement or footage of the poles, and that Owen stated that he was working for L. D. Leach & Co. as their agent at two hundred fifty dollars a month, and that he got two per cent additional, and that he was under a ten thousand dollar bond, and that under said representations he (the witness) agreed to assist him in procuring the poles, and that he introduced him to Mr. Terry and others. He also testified to a conversation after

complaint and trouble arose from dealings of Owen with the people from whom the poles were purchased, and that he asked Owen why he did not pay the people for the poles and live up to his contract, and that Owen said, ''Let these people go to hell, I have got a thousand law suits in Mississippi and I will beat them all; let them unload them, I have got them.'' He also testified that Owen said to him, ''Quit fooling with my house, take it up with me. You have got nothing to do with it; they refer all of your correspondence to me,'' and that he said, ''Don't let them worry you,'' and that he further said that he was not with L. D. Leach & Co., and was buying the poles direct, and not as their agent at all. There was no proof other than this to show that he was not in fact the agent of L. D. Leach & Co., as he represented himself to be.

The appellant, at the conclusion of the state's evidence, moved for a directed verdict, which was overruled and exception taken, and the defendant submitted the case upon the state's testimony to the jury. The state obtained an instruction that, if the jury ''believe from all the evidence in this case beyond a reasonable doubt that the defendant did falsely and fraudulently hold himself out to be agent of L. D. Leach & Company as charged in the indictment with authority to purchase piling for L. D. Leach & Company; whereas, in truth and in fact the defendant was not the agent of L. D. Leach & Company and that the defendant did obtain of and from the witness J. B. Terry one car load of piling of the value of more than twenty-five dollars with intent to defraud J. B. Terry of the same, and that the witness Terry parted with the possession of said piling and delivered the same to the defendant on the strength of said false and fraudulent representations so made by said defendant, and that the witness Terry was defrauded thereby as charged in the indictment, then you will find the defendant guilty as charged.'' There was a convic-

tion and a sentence for one year in the state penitentiary.

As stated above, there was no proof, other than the alleged confession of Owen, that he was not the agent of L. D. Leach & Co. Before a confession can be admitted in evidence against a person accused of crime, the corpus delicti must first be established by evidence aliunde. Pitts v. State, 43 Miss. 472; Morton v. State, 136 Miss. 284, 101 So. 379. It is true that the proof of the corpus delicti need not be beyond all reasonable doubt, and that, where there is proof of the corpus delicti by a preponderance of the evidence, and the confession is admitted, and the confessions and the proof aliunde established the corpus delicti beyond all reasonable doubt, that is sufficient. Pope v. State (Miss.), 131 So. 264.

In the present case, there is no proof aliunde the confession that Owen was not in fact the agent of L. D. Leach & Co. Consequently, one of the essentials of the offense was not made out by competent evidence, and the conviction upon the confession alone is not sufficient, and the judgment must be reversed and the appellant discharged.

Reversed, and appellant discharged.