BUTTON v. STATE.

In Banc. Nov. 14, 1949.

No. 37315    (42 So. (2d) 773)

Gartin & Doggette, for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Montgomery, J.**

J. L. Button was convicted in the Circuit Court of Jones County on a charge of obtaining money under false pretenses and sentenced to a term of one year in the penitentiary.

The proof for the State tends to show that J. L. Button was working for Pickering & McNeil, Junk Dealers of Laurel, Mississippi, and on June 12, 1948, Button went to P. Pickering, one of the partners, and told him that he had some cotton rags in a warehouse in Baton Rouge; that he had already arranged to get them and all he had to do was go get them, but it would require $100.00 and the use of a truck. He requested an advancement of $100.00 and the loan of a truck so he could go get the rags and deliver them to Pickering & McNeil, who would buy them at five cents per pound. Pickering, on behalf of Pickering & McNeil, advanced the $100.00 out of the partnership funds and delivered a partnership truck to Button, in full reliance upon Button's representations. About a week later, Button not having returned with the rags or the truck, and learning that the truck was in Laurel, Pickering & McNeil sent an employee, J. N. Pittman, to get the truck and return it to the plant. This was accordingly done by Pittman. Two or three days later, Button came to the office of Pickering & McNeil and there stated to P. Pickering that he had not been to Baton Rouge and that at the time he obtained the $100.00 and the truck from Pickering & McNeil he had no intention of getting any rags but had used the $100.00 to pay some law violation fine in Natchez.

For the reasons hereinafter shown it is not necessary to review the evidence of the defendant, because the evidence does not make out a case against the defendant.

It is fundamental that ▮▮ in order to establish the crime of false pretenses, the pretense must be a representation as to an existing fact or past event, and not as to something to take place in the future; and it must be a representation as to a material fact. 35. C. J. S., False Pretenses, § 8, page 646; State v. Grady, 147 Miss. 446, 111 So. 148; Hammack v. State, 114 Miss. 611, 75 So. 436.

▮▮ Here the representation of fact made by Button was that he had cotton rags in a warehouse in Baton Rouge. This was a representation as to an existing fact and the burden was on the State to prove its falsity beyond every reasonable doubt. The only proof in this record tending to show the falsity of the representation is in the confession made by Button to P. Pickering and testified to by him, wherein he testified that Button told him that at the time he obtained the $100.00 and the truck he had no intention of going to Baton Rouge to get rags but had used the money to pay a fine in Natchez.

▮▮ The falsity of the representation is a part of the corpus delicti of obtaining property under false pretenses, ▮▮ the falsity of the representation must be proved by evidence aliunde the confession. ▮▮ A conviction of obtaining property under false pretenses, based alone upon a confession as to falsity of the pretense, is insufficient without other proof of the corpus delicti. Owen v. State, 159 Miss. 588, 132 So. 753.

The peremptory instruction requested by the defendant should have been granted. The judgment of the lower court is reversed and appellant discharged.

Judgment reversed and appellant discharged.