OWNBEY *v.* STATE.

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

ALFRED W. TAYLOR, of Johnson City, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Defendant appeals from two convictions of obtaining goods by false pretenses and concurrent sentences of three years in the penitentiary for the offenses.

Defendant's true name is R. M. Maples, but in October 1950, representing himself to be one Floyd W. Ownbey, under a conditional sales contract, he purchased certain electrical equipment from the Brashear Electric Company at Kingsport, Tennessee. Before agreeing to the sale of the merchandise, the Electric Company made inquiry about the credit rating of Ownbey, and finding it to be satisfactory, made the sale. On subsequent dates, having made the required cash payments, the defendant purchased other electrical equipment by three subsequent conditional sales contracts. By falsely representing himself to be Ownbey, defendant thus purchased from the Brashear Electric Company a Hotpoint ironer of the value of $99.95, an oil heater of the value of $139, a refrigerator of the value of $239.95, and an electric range of the value of $150.

In November 1950, the defendant representing himself to be Ownbey, went to the W. B. Greene Company of

Kingsport, and there purchased a movie camera of the value of $175. He represented himself to be Ownbey, gave Brashear Electric Company as a credit reference, made the cash payment, and signed Ownbey's name to the documents evidencing the deferred payments. Later, he returned to the Greene Company and ordered a diamond ring of the value of $700, making a down payment of $50, and in the name of Ownbey, agreeing to pay for the deferred balance. He never received the ring because he had defaulted on his deferred payments on the other merchandise, both at the Electric Company and at Greene Company before the ordered ring had been received. Before making the contract of sale of the movie camera, the Greene Company investigated the credit rating of Ownbey with the Brashear Electric Company, and on information so received, agreed to extend the credit.

The foregoing facts are admitted, but the defense is that Ownbey was an employee of Maples; that Maples acted for Ownbey, and on his authority; that the merchandise was delivered to Ownbey, himself, and not to Maples, and that Maples did not make the false representation of his identity and name with an intention of defrauding the sellers of the merchandise.

That the false pretense is made for the benefit of another, and not for the defendant, will not relieve him of criminal liability, *Rowe* v. *State,* 164 Tenn. 571, 51 S. W. (2d) 505. The essential element of the offense of obtaining goods by false pretense is that the false pretense create the credit; if it does so, it is within the statute, *State* v. *Higgins,* 148 Tenn. 609, 256 S. W. 875; *Rothschild* v. *State,* 81 Tenn. 294; *Canter* v. *State,* 75 Tenn. 349.

To decide the issue of whether the intent of the false pretense was or was not fraudulent, it was com-

petent for the jury to consider proof that the defendant had obtained goods other than those covered by the indictment, by the same false pretense, Wharton's Criminal Evidence, 10th Ed., p. 60 et seq.; *Rafferty* v. *State,* 91 Tenn. 655, 664, 16 S. W. 728, and numerous Tennessee cases there cited.

■ The defendant admitted the transactions with Brashear Electric Company and W. B. Greene Company as we have stated them. The Trial Judge gave the jury the statutory definition of obtaining goods by false pretense, Code Sec. 10949. It was then for the jury's exclusive determination whether defendant's admitted conduct constituted a crime under the statute. We, therefore, find no merit in the assignment that the evidence preponderates in favor of defendant's innocence.

The second assignment of error that the Trial Judge erred in permitting the introduction of proof that the defendant, under the same false pretense that his name was Ownbey, had purchased merchandise other than that covered by the indictment, is also without merit since such evidence was clearly admissible under the rule in *Rafferty* v. *State,* supra.

Judgment affirmed.