437 P.2d 24

The STATE of Idaho, Plaintiff-Respondent,

v.

Leonn U. URIE, Defendant-Appellant.

No. 9968.

Supreme Court of Idaho.

Feb. 8, 1968.

Earl E. Walker, Twin Falls, for appellant.

Allan G. Shepard, Atty. Gen., and James R. Hargis, Asst. Atty. Gen., Boise, for appellee.

SPEAR, Justice.

On October 19, 1966, the appellant was convicted of the felony of obtaining money under false pretenses in violation of I.C. § 18–3101.

Appellant was charged in the Information with having entered into a common scheme and design, with one James F. Fraley, to defraud the Fireman's Fund Insurance Company by concocting a story that Fraley had received serious injuries resulting in permanent paralysis from a fall into an elevator pit at the Magic Valley Bean Company in Kimberly, Idaho, on November 17, 1963. Appellant, an employee of the company, allegedly made false representations consistent with such an alleged accident which representations induced Fireman's Fund to reach a settlement with Fraley in the sum of $25,000 on June 4, 1965. This sum was in fact paid to Fraley. For properly playing his part in this fraudulent scheme appellant was to have received a percentage of the funds paid to Fraley, but in fact he was never paid.

Appellant did make statements concerning the alleged accident and injuries to a representative of the insurance company and to counsel for the bean company and the insurance company, and on two different occasions thereafter appellant voluntarily changed portions of his statement making the purported liability of the bean company and its insurer appear more certain.

On June 29, 1965, after the insurance company had settled with Fraley, appellant again voluntarily contacted counsel for the bean company and made a statement which was immediately dictated and transcribed setting out in detail that his entire prior story had been a hoax and fraud for the purpose of obtaining money which was to be divided between Fraley and himself. This statement was reduced to writing on the same date but was not signed by appellant

until September 28, 1965, when he again substantially reiterated the fraudulent scheme to two other representatives of the insurance company and signed the statement previously drafted after making certain alterations and modifications therein. (State's Exhibit D)

During the trial the medical expert witness for the State testified that in his opinion Fraley was not injured as seriously as he claimed for in fact he did not suffer a paralysis, but he admitted he could not rule out the possibility that there might have been an accident and that Fraley might have suffered some injuries. That Fraley did not suffer a paralysis as alleged by him and corroborated by appellant was also testified to by the physical therapist who had attended Fraley after the alleged accident.

In the course of the trial appellant introduced as two exhibits (Nos. 4 and 5) the criminal complaint lodged in the probate court in Twin Falls, Idaho, in the action against Fraley for the same offense, i. e., obtaining money under false pretenses, and the order of that court dismissing the action against Fraley for lack of sufficient evidence. The State then introduced the reporter's transcript of that preliminary hearing (State's Exhibit F) supporting the State's contention that the criminal action against Fraley was dismissed largely because appellant herein had refused to testify at that preliminary hearing on the ground that such testimony might incriminate him.

The jury found the appellant guilty as charged and he was regularly sentenced to not more than fourteen years in the Idaho State Penitentiary. From this conviction and sentence appellant perfected this appeal.

■■ Under I.C. § 18–3101 the elements necessary to constitute the crime of obtaining money under false pretenses are four: (1) there must be an intent to defraud; (2) there must be an actual fraud committed; (3) false pretenses must be used for the purpose of perpetrating the fraud; and (4) the fraud must be accomplished by means of such false pretenses. State v. So, 71 Idaho 324, 231 P.2d 734 (1951); State v. Whitney,

43 Idaho 745, 254 P. 525 (1927). While this court has heretofore held that the essence of this crime lies in obtaining money or property with intent to defraud, that is, by means of the false pretense, State v. Roderick, 85 Idaho 80, 375 P.2d 1005 (1962); State v. Whitney, supra, we have never been expressly called to rule upon the contention whether payment to one other than the accused would be sufficient to sustain a conviction for obtaining money under false pretenses. State v. Stratford, 55 Idaho 65, 37 P.2d 681 (1934). This court now specifically holds that for the purposes of I.C. § 18–3101 it is sufficient if the state allege and prove that money or property is obtained for the benefit of another as a result of the accused's false pretenses. 35 C.J.S. False Pretenses § 25, p. 845 (1960); Buck v. Superior Court, 232 Cal.App.2d 153, 42 Cal. Rptr. 527, 11 A.L.R.3d 1064 (1965), hearing denied by Cal.S.Ct. April 6, 1965, cert. denied, 382 U.S. 834, 86 S.Ct. 77, 15 L.Ed.2d 77 (1965), Ownbey v. State, 194 Tenn. 500, 253 S.W.2d 726 (1952).

Appellant asserts five assignments of error, his primary contention being that there was no corroborating evidence to prove that the crime alleged was ever committed aside from his signed statement admitted at the trial as Exhibit D.

■ This court has frequently held that an extra-judicial confession, standing alone, is not sufficient to convict an accused in the absence of some corroborating circumstances. State v. Keller, 8 Idaho 699, 70 P. 1051 (1902). However, slight corroboration will suffice. State v. Van Vlack, 57 Idaho 316, 65 P.2d 736 (1937); State v. Wilson, 51 Idaho 659, 9 P.2d 497 (1932); State v. Keller, supra.

■ While the evidence adduced at the trial might not be sufficient, in the absence of appellant's extra-judicial confession, to sustain a conviction thereon, it is not necessary to establish independently of the confession each element of the *corpus delicti.* State v. Keller, supra.

■ This court finds from its reading of the entire record that there is enough cir-

cumstantial evidence to corroborate appellant's confession and establish the commission of the alleged crime. The medical testimony leaves no doubt that Fraley was not paralyzed as he had claimed. The basis of Fraley's suit against the insurance company, for which he received $25,000 in settlement, was the fact that as a result of this alleged accident Fraley "sustained painful injuries to his back, spinal column, and legs, of such nature and severity that he has permanently lost the use of his left leg and is permanently crippled." (State's Exhibit A) Furthermore, appellant's course of conduct from the time of the alleged injury to the signing of the confession lends credibility to his statement. Appellant twice changed portions of his story with the result that the purported liability of the bean company and its carrier was irrefutably established for all intents and purposes. Thereafter, he voluntarily made statements admitting the fraudulent scheme before counsel for the bean company which he subsequently reiterated with further particularity and exactitude before two other agents of the insurance company at the time he signed his "confession." Cf. State v. Stevens, 48 Idaho 335, 282 P. 93.

Moreover, this court is not unmindful of the fact that appellant and Fraley had been longstanding friends and that a crime of this particular nature would be difficult, if not well impossible, to prove with any degree of certainty in the absence of a confession on the part of one or both parties involved.

Appellant's remaining assignments of error are all procedural in nature and may be disposed of summarily as being without merit. Initially, he contends that the trial court erred in refusing to grant his motion for an advisory instruction to acquit under I.C. § 19–2123 based upon the insufficiency of the evidence and the lack of corroboration.

Such a matter is purely discretionary with the trial court and its action is not reviewable on appeal when there is some substantial evidence upon which to base a verdict of guilty. State v. Puckett, 88 Idaho 546, 401 P.2d 784 (1965); State v. McCallum, 77 Idaho 489, 295 P.2d 259 (1956).

Appellant further contends that admission of State's Exhibit F was error in that it was not a proper matter for rebuttal and that it contained information highly prejudicial to his case—namely, that he was presently being confined in the state penitentiary as a result of a previous conviction.

There is no merit to either contention. State's Exhibit F was introduced solely to explain what had transpired at the preliminary hearing in probate court between the time that the criminal complaint against Fraley and Urie was filed (Appellant's Exhibit 4) and the dismissal of charges as to Fraley (Appellant's Exhibit 5) because appellant refused to testify therein. Moreover, any prejudicial matter contained in Exhibit F was cured by the trial court's explicit admonition to the jury to totally disregard any information concerning appellant's prior conviction in connection with the offense for which he was presently being tried. State v. Ramsbottom, 89 Idaho 1, 402 P.2d 384 (1965); State v. McConville, 82 Idaho 47, 349 P.2d 114 (1960); State v. Polson, 81 Idaho 147, 339 P.2d 510 (1959); State v. Autheman, 47 Idaho 328, 274 P. 805, 62 A.L.R. 195 (1929); and State v. Knutson, 47 Idaho 281, 274 P. 108 (1929). These authorities definitely establish the rule that in Idaho an error in admission of evidence may be cured by a proper instruction, and it must be presumed that the jury obeyed the trial court's instruction to disregard entirely the objectionable testimony.

Appellant alleges error in the trial court's giving of Instruction 16 which stated that proceedings had in a preliminary examination do not constitute proof of either guilt or innocence of the person charged, nor does dismissal of the criminal charge therein constitute a bar to a subsequent prosecution for the same offense if additional proof should later become available. Such an instruction accurately states the law. I.C. § 19–814; 22 C.J.S. Criminal Law § 347, p. 897 (1961); State v. Byrd, 94 Ariz.

139, 382 P.2d 555 (1963); Tell v. Wolke, 21 Wis.2d 613, 124 N.W.2d 655 (1963).

▮ Finally, appellant contends that testimony relating to his confession, as well as the confession itself, is inadmissible. Suffice it to say that this confession was given and signed voluntarily by appellant before any proceedings were instituted against him to persons wholly disconnected with any law enforcement agencies, and that he was informed such statements could be used against him. State v. Hall, 88 Idaho · 117, 397 P.2d 261 (1964); State v. Moore, 61 Wash.2d 165, 377 P.2d 456 (1963).

Judgment affirmed.

TAYLOR, C. J., and SMITH and McQUADE, JJ., concur.

McFADDEN, Justice (specially concurring).

Here, the evidence, aside from appellant's confession, reflects that appellant made a statement to two insurance representatives describing how an accident had occurred; that the injured party brought suit to recover for his alleged injuries; that such suit was later settled for $25,000; that the injured party was not as severely injured as he had claimed. Later appellant, by a voluntary written confession admitted that a hoax was committed to defraud the insurance company and that in fact no accident had occurred at all.

The majority opinion states that there is sufficient corroborating evidence so that the conviction based upon appellant's extrajudicial confession may be sustained. I disagree. There was no evidence whatsoever (other than appellant's confession) to prove that appellant's representations were false. The medical testimony only showed that the alleged injury was not as severe as Fraley claimed and failed to establish the fact that the alleged accident had been faked. However, I concur in the affirmance because I do not believe the rule requiring corroboration of an extrajudicial confession should be applied in this case.

The general proposition is that an extrajudicial confession, standing alone, is not sufficient to convict an accused in the absence of some corroborating evidence. State v. Hall, 88 Idaho 117, 397 P.2d 261 (1964); State v. Van Vlack, 57 Idaho 316, 65 P.2d 736 (1937); State v. Wilson, 51 Idaho 659, 9 P.2d 497 (1932); State v. Downing, 23 Idaho 540, 130 P. 461 (1913); State v. Keller, 8 Idaho 699, 70 P. 1051 (1902); 45 A.L.R.2d 1317, at 1318 (1956); 7 Wigmore, Evidence § 2071, at 396 (3d ed. 1940). The corroborating evidence must relate to and tend to establish the *corpus delicti* of the crime. State v. Van Vlack, supra; State v. Wilson, supra; State v. Downing, supra; State v. Keller, supra; 45 A.L.R.2d 1317, at 1327 (1956); 7 Wigmore, Evidence § 2071, at 397 (3d ed.1940).

A crime consists of three elements; the fact of the injury, the criminality causing that injury, and the identity of the perpetrator. 7 Wigmore, Evidence § 2072, at 401 (3d ed.1940). The *corpus delicti* of any crime consists of the first two elements. State v. Darrah, 60 Idaho 479, 92 P.2d 143 (1939); 7 Wigmore, Evidence § 2072, at 402 (3d ed.1940); Note, Proof of the Corpus Delicti Aliunde the Defendant's Confession, 103 U.Pa.L.Rev. 638 (1955).

Analysis of the crime of obtaining money under false pretenses leads to the conclusion that the loss of the money is the injury, and the falsity of the representation is the criminality. Thus, it has been held that where an extrajudicial confession is the only proof of the falsity of the representation, the conviction can not be sustained. Johnson v. State, 142 Ala. 1, 37 So. 937 (1904); People v. Simonsen, 107 Cal. 345, 40 P. 440 (1895); Button v. State, 207 Miss. 582, 42 So.2d 773 (1949); Owen v. State, 159 Miss. 588, 132 So. 753 (1931). See Gulotta v. United States, 113 F.2d 683 (8th Cir.1940); City of St. Louis v. Watters, 289 S.W.2d 444 (Mo. App.1956).

The rule concerning extrajudicial confessions developed in England in response to cases in which alleged homicide victims were found to be alive after the accused, on

the basis of his confession, had been convicted and executed. Note, 103 U.Pa.L.Rev. 638 (1955). The rule originally was applied only to homicide cases and was later extended to bigamy cases. Id. at 640. In the United States, it has been expanded to cover most serious crimes. Id. at 641. The indiscriminate application of this rule has been criticized. See 7 Wigmore, Evidence § 2070 (3d ed.1940); Note, 103 U.Pa.L.Rev. 638 (1955); 13 Vand.L.Rev. 561 (1960).

The reasons given today for the application of the rule have been listed as: that there is a danger of misreporting what the accused said; that it is a safeguard against coerced confessions; that an accused may himself be mistaken about whether a crime was in fact committed; that it helps to prevent false confessions from mentally deranged persons; and that it forces the prosecution to use its best evidence. However, the rule as it stands does not fulfill these purposes, as it does not apply to judicial confessions and does not require independent proof of the third element of a crime, namely, the identity of the perpetrator. See generally Note, 103 U.Pa.L.Rev. 638 (1955).

An analysis of these purposes in relation to the crime of obtaining money under false pretenses leads me to the conclusion that there need be no corroborative evidence of the falsity of the representation. The confession was written and thus the danger of misreporting an oral statement is absent. The rule is no longer needed as a safeguard against coerced confessions as recent developments in our criminal law amply protect an accused. In this crime, it was impossible that the defendant could be mistaken as to whether the crime was committed. This aspect of the purposes for the rule would be more applicable in a case where a defendant confesses to pushing a man overboard and the victim may not in fact have drowned. It does not appear that the appellant was mentally deranged; moreover, this purpose for the rule would only be logical if the rule also applied to judicial confessions. That a confession is not the best evidence of a crime may generally be true, but in the crime of obtaining money under false pretenses, a confession by one of the participants will often be the *only* evidence available.

Therefore, I concur in the decision that the judgment of conviction should be affirmed. This judgment should not be affirmed on the basis of "slight" corroborating evidence of the confession. It should simply be stated that in the crime of obtaining money under false pretenses, when the representations have been proven in accord with I.C. § 19–2116, and the defendant has confessed that the representations were false, the judgment may be upheld even though there is no evidence other than the extrajudicial confession to prove that the statement was false. Hence, I concur in the affirmance of the judgment.

TAYLOR, Chief Justice.

I concur in the views expressed by Justice McFADDEN in his special concurring opinion. However, in this case I think there was sufficient corroborative evidence to sustain the judgment.