**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 32692**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **2007 Opinion No. 39** |
| Plaintiff-Respondent, ) | |
| ) | **Filed: June 8, 2007** |
| v. ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| NICHOLAS STACEY WEBB, ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gregory M. Culet, District Judge.

Judgment of conviction for driving with a suspended license, <u>affirmed</u>.

Wiebe & Fouser, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Nicholas Stacey Webb appeals from his conviction for driving on a suspended license, Idaho Code § 18-8001, contending that the State had failed to prove the *corpus delicti* of the crime independent of his extrajudicial admission. We affirm.

**I.**

**FACTS AND PROCEDURE**

On August 30, 2005, a Nampa police officer was on patrol in a marked police cruiser. After the officer drove up behind a vehicle, the vehicle began making a number of left-hand turns circling around the block. The driver, later identified as Webb, then parked the vehicle and began to walk away. The officer followed and contacted Webb. The officer's observations of Webb's condition led him to suspect that Webb was under the influence of alcohol. When the officer asked Webb for identification, he produced an Idaho identification card and initially said that he was not carrying his driver's license. Later, however, Webb admitted that his driver's license was suspended. The officer arrested Webb for driving under the influence, I.C. § 18-

1

8004, and cited him for driving without privileges (DWP), I.C. § 18-8001, i.e., driving on a suspended license, and for failure to maintain insurance, I.C. § 49-1229.

At Webb's trial, the State presented no evidence concerning Webb's lack of insurance and no direct evidence of the license suspension, other than Webb's admission to the arresting officer. At the close of the State's case, Webb moved for a judgment of acquittal on the insurance charge due to lack of evidence, which the trial court granted. Webb also moved for acquittal on the charge of driving on a suspended license on the ground that the State had failed to prove the *corpus delicti* of the offense independent of Webb's confession. The court denied this motion, finding sufficient evidence to corroborate Webb's admission that his license was suspended. Webb then rested his case without presenting evidence.

The jury found Webb not guilty of driving under the influence, but guilty of driving without privileges. Webb appeals the resulting conviction.

## II.

## ANALYSIS

On appeal, as in his motion for a judgment of acquittal, Webb invokes the *corpus delicti* rule, which prohibits the conviction of a criminal defendant based upon nothing more than the defendant's own confession to prove that the crime occurred. *See State v. Tiffany*, 139 Idaho 909, 88 P.3d 728 (2004); *State v. Roth*, 138 Idaho 820, 69 P.3d 1081 (Ct. App. 2003). We have described the *corpus delicti* doctrine as follows:

> *Corpus delicti*, meaning "the body of a crime," is a common law principle that requires the state to establish some evidence that a crime occurred independently from a defendant's confession. *See* BLACK'S LAW DICTIONARY 344 (6th ed. 1990). The purpose of corpus delicti is to prevent errors in convictions based on false confessions, to act as a safeguard against the defendant's act of confessing but being mistaken that a crime occurred, and to force the prosecution to use its best evidence. *State v. Urie*, 92 Idaho 71, 76, 437 P.2d 24, 29 (1968) (McFadden, J., special concurrence).
>
> To prove a crime generally, the state must provide evidence in the context of three broad elements: (1) that an injury occurred; (2) that criminal agency was involved in causing the injury; and (3) the identity of the person who caused the injury. *See id.* at 75, 437 P.2d at 28 (special concurrence). Under the standard formulations of the corpus delicti principle, the state must show the "body" of a crime by establishing the first two elements of a crime, *i.e.*, the injury and the criminal agency, independently from a defendant's confession. *Id.*; *State v. Darrah*, 60 Idaho 479, 482, 92 P.2d 143, 144 (1939). Thus, the state cannot prove its case by solely using a defendant's confession to establish that a crime occurred. *See Urie*, 92 Idaho at 73, 437 P.2d at 26; *State v. Wilson*, 51 Idaho

2

659, 669, 9 P.2d 497, 500-501 (1932); *State v. Keller*, 8 Idaho 699, 704-05, 70 P. 1051, 1052 (1902).

*Roth*, 138 Idaho at 822-23, 69 P.3d at 1083-84 (footnotes omitted).

Although a defendant's extrajudicial admission, standing alone, is not sufficient to support a conviction, only slight corroborating evidence is necessary, and the corroborating evidence need not be sufficient to establish each element of the *corpus delicti*. *Tiffany*, 139 Idaho at 915, 88 P.3d at 734. Since the *corpus delicti* of a crime generally consists of injury and criminal agency, the State needs to independently corroborate only one of those elements to meet its burden. *Id.*

Webb argues that the mere evidence that the officer observed him driving is not sufficient corroboration of the *corpus delicti* of DWP because driving, standing alone, is not illegal and does not suggest the commission of a crime. Even if we accept this contention, however, a reversal of Webb's conviction is not appropriate because there was sufficient evidence tending to corroborate his confession that his license was suspended. First, the officer testified that when he asked Webb for identification, Webb did not produce a driver's license, but instead gave the officer an Idaho identification card--a type of card which is ordinarily not issued to someone who holds a valid driver's license. *See* I.C. § 49-2444. The officer also testified that when he pulled up behind Webb's vehicle in his marked police cruiser, Webb began driving in an evasive manner, then parked in an unusual location, exited the vehicle and began to walk away, all of which suggests that Webb was attempting to avoid contact because he knew that he was driving illegally. This is far removed from a situation where an individual walks into a police station, confesses to a crime, and is prosecuted solely on that statement. Bearing in mind the purposes of the *corpus delicti* doctrine, and the standard requiring only slight corroboration, the evidence adduced at trial here was sufficient to corroborate Webb's extrajudicial admission that his license was suspended. Therefore, the district court did not err in denying Webb's motion for a judgment of acquittal.

The judgment of conviction is affirmed.

Chief Judge PERRY and Judge GUTIERREZ **CONCUR.**

3