IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36771

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 743 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 13, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SANDRA LILLIAN HARRIS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction for delivery of a controlled substance, affirmed.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

WALTERS, Judge Pro Tem

Sandra Lillian Harris appeals from a judgment of conviction entered following a jury verdict finding her guilty of delivery of a controlled substance, marijuana. I.C. § 37-2732(a)(1)(B). She contends the State violated her right to a fair trial by committing prosecutorial misconduct through an improper argument to the jury. We conclude that the alleged error caused by prosecutorial misconduct was cured by the district court's instruction to the jury to disregard the prosecutor's comments, and we affirm the judgment of conviction.

## I.

## BACKGROUND

Harris sold marijuana to an individual working as a confidential informant for the police department on April 8 and April 11, 2008. She was charged with two counts of delivery of a controlled substance and her case was joined for trial with a co-defendant, Michael Weaver. At trial before a jury, the State presented the testimony of the officer involved in monitoring the

confidential informant's purchase of marijuana, testimony by the confidential informant (a Mr. Smith) concerning his purchase of marijuana from Harris and Weaver on the two occasions, and testimony from an employee of the Idaho State Police Forensic Laboratory establishing that the material purchased by Smith on each occasion was marijuana, a controlled substance. As a defense, Harris testified concerning her involvement in the transactions with Smith and asserted that she was entrapped. The jury found Harris not guilty of one count (the delivery on April 8, 2008) and found her guilty on the other count (April 11, 2008). The court suspended a unified four-year sentence with two years determinate and placed Harris on probation for two years. Harris timely appealed.

## II.

## DISCUSSION

Harris contends that her right to a fair trial was violated by a statement made by the prosecutor during rebuttal argument to the jury. She argues that the prosecutor appealed to the passions and prejudices of the jury when the prosecutor made the comment: "That's who's on trial in this case. Ms. Harris and Mr. Weaver. Mr. Smith's been held accountable for his crimes. Hold these two defendants accountable for their crimes." Harris's counsel immediately objected to the prosecutor's statement, asserting that the statement was an appeal to the passion and prejudices of the jury. The court sustained the objection and directed the jury to "disregard the last argument of the prosecution." The prosecutor then stated to the jury: "Find them guilty of the crimes that they committed because that's what the evidence establishes." With that exchange, the trial concluded and the case was given to the jury for deliberation. As noted, the jury found Harris guilty of one count of delivery of a controlled substance and not guilty on the other count.

The Idaho Supreme Court recently enunciated the standards for review of claims of prosecutorial misconduct consisting of comments made by a prosecutor. In *State v. Perry*, ___ Idaho ___, ___ P.3d ___ (Dec. 7, 2010), the Court addressed two situations: (a) where an objection had been made to alleged prosecutorial misconduct during a trial, and (b) where no objection had been raised to such conduct during the trial but instead was challenged for the first time in an appeal. In the first instance, where an objection has been made, the Court determined

2

that a defendant appealing from an objected-to, non-constitutionally-based error[1] shall have the duty to establish that such an error occurred, at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt. *Perry*, ___ Idaho at ___, ___ P.3d at ___. In the other instance, where no objection had been interposed, then the alleged error of prosecutorial misconduct shall only be reviewed where the defendant demonstrates to the appellate court that one of the defendant's unwaived constitutional rights was plainly violated. If the defendant meets this burden then the appellate court shall review the error under the harmless error test, with the defendant bearing the burden of proving there is a reasonable possibility that the error affected the outcome of the trial. *Perry*, ___ Idaho at ___, ___ P.3d at ___. With respect to claims of prosecutorial misconduct, the Court specifically held that: "We find no reason that claims of prosecutorial misconduct should be treated any differently from other trial errors." *Id.*

Here we are faced with a situation slightly different than that addressed in *Perry*, where the defense in that case successfully interposed an objection to the prosecutor's attempt to elicit inadmissible testimony. Because the objection was sustained, the jury did not hear the answer to the prosecutor's question, and there was no need for a motion to strike the answer or to instruct the jury to disregard the witness's response. Here the alleged improper conduct consisted of comments made to the jury during the prosecutor's rebuttal to the defense's closing argument. The defense objected on the ground of misconduct after the comments had been heard by the jury. The trial court agreed with the objection, stating: "The objection is sustained. The jury will disregard the last argument of the prosecutor." The district court's ruling was in favor of the defense, and it has not been challenged by the State through a cross-appeal. Harris did not seek

---

[1] The alleged error in *Perry* consisted of the prosecutor's attempt to elicit inadmissible testimony whereupon the defense objected and the trial court sustained the objection. The Supreme Court's decision to review the alleged prosecutorial misconduct after an objection has been made and sustained is directed at the prosecutor's conduct, not at the trial court's ruling. *Compare Smith v. State*, 146 Idaho 822, 834, 203 P.3d 1221, 1233 (2009); *State v. Fisher*, 123 Idaho 481, 485, 849 P.2d 942, 946 (1993) (in order for an issue to be raised on appeal, the record must reveal an adverse ruling which forms the basis for the assignment of error). The Court in *Perry* expressed favor towards "encourage[ing] the making of timely objections that could result in the error being prevented or the harm being alleviated." *Perry*, ___ Idaho at ___, ___ P.3d at ___.

any further relief from the district court, such as through a motion for mistrial.[2] Whether Harris is entitled to relief in this appeal, therefore, may be determined consistent with the Idaho Supreme Court's observations above, that claims of prosecutorial misconduct should be treated the same as other trial errors where an objection is made and sustained; and that the defendant has the duty of establishing that an error occurred, at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt. *Perry*, ___ Idaho at ___, ___ P.3d at ___.

It is questionable whether Harris can establish that the prosecutor's comments to which she objected were error. Prosecutors have considerable latitude in closing argument and have the right to discuss the evidence and the inferences and deducements arising therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003). The purpose of the prosecutor's closing argument is to enlighten the jury and help the jurors remember and interpret the evidence. *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). A mere assertion or finding that a particular question or statement was objectionable or improper is insufficient to establish prosecutorial misconduct.

> [I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned. The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.

*Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citations omitted). The high Court has also noted that a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial. *United States v. Young*, 470 U.S. 1, 11 (1985). The Court has cautioned:

> Isolated passages of a prosecutor's argument, billed in advance to the jury as a matter of opinion not of evidence, do not reach the same proportions [as consistent and repeated misrepresentation that may have a significant impact on a jury's deliberations]. Such arguments, like all closing arguments of counsel, are seldom carefully constructed in toto before the event; improvisation frequently

---

[2] It is doubtful whether a motion by Harris for mistrial based on the alleged prosecutorial misconduct would have been successful in light of the district court's admonition to the jury to disregard the objectionable comments. *See State v. Hedger*, 115 Idaho 598, 601, 768 P.2d 1331, 1334 (1989); *State v. Ramsbottom*, 89 Idaho 1, 9, 402 P.2d 384, 389 (1965).

4

results in syntax left imperfect and meaning less than crystal clear. While these general observations in no way justify prosecutorial misconduct, they do suggest that a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations.

*Donnelly v. DeChristoforo*, 416 U.S. 637, 646-47 (1974).

Where, as here, the comments complained of occurred during a rebuttal closing argument, the United States Supreme Court has held, "[t]he prosecutors' comments must be evaluated in light of the defense argument that preceded it." *Darden*, 477 U.S. at 179. The record on this appeal shows that, during his closing argument, counsel for Harris argued to the jury that Harris was the victim of entrapment[3] and that Harris was persuaded to commit a crime by an old friend (Mr. Smith, the confidential informant) in order to help Smith stay away from the use of methamphetamine. Defense counsel attempted to relieve Harris of responsibility by arguing to the jury that it was Smith who had the "idea" for Harris to sell marijuana to him because of his own involvement in drug use and resultant arrests, and his attempt to get out of trouble with the law. Likewise, trial counsel for the co-defendant, Weaver, also attempted to put the focus and blame on Smith by arguing that the motivation behind Smith contacting Weaver and Harris was based on Smith's own drug use, his arrests and his attempt to get himself out of trouble.

The prosecutor's response to all of these assertions was to put the focus back on the people on trial before the jury for the crime of delivery. The witness, Smith, had testified to the jury about the outcome of his involvement in the transactions, that he had pled guilty to a pending criminal charge and had been placed on probation with compliance with a drug-treatment plan as a condition of his probation. The prosecutor pointed out that Smith had paid his price; he had been held accountable for his crimes and was not the one on trial. The prosecutor pointed out that Harris and her co-defendant were the ones on trial and that they should be held accountable for their crimes. The prosecutor was simply responding to the arguments of counsel by reminding the jury to focus on who was on trial in the case before them.

---

[3]     Prior to the closing arguments by counsel, the trial court gave the jury final instructions. One of these instructions outlined the elements necessary to establish entrapment as a defense.

The prosecutor's argument did not interfere with Harris's right to a fair trial but was a reasonable response in context to the arguments made by defense counsel.

Even if the prosecutor's comments to which the defense objected amounted to error, we conclude that the State has satisfied its burden of showing that the error was harmless beyond a reasonable doubt. On this appeal, Harris does not challenge the sufficiency of the evidence to support the jury's verdict; rather, she only asserts that the prosecutor's comments, to which she objected and obtained a curative instruction, deprived her of a fair trial. We disagree.

The record in this case shows that, at the outset of the trial, the district court gave to the jury several instructions to guide them. Among those instructions was one informing the jury that the opening and closing statements made by the attorneys in the case are not evidence and that the jury's decision was to be made "solely on the evidence before you." Another instruction directed that: "Neither sympathy nor prejudice should influence you in your deliberations." Addressing the effect of objections that may be made during the trial, the trial judge instructed the jury, "[I]f I tell you not to consider a particular statement or exhibit you should put it out of your mind, and not refer to it or rely on it in your later deliberations." Of course, in addition to those instructions, when the district court sustained Harris's objection to the prosecutor's argument, the court specifically directed that: "The jury will disregard the last argument of the prosecutor."

It is a rule of long standing in Idaho that where improper testimony is presented to a jury, but an objection is interposed which the trial judge sustains, and the trial court instructs the jury to disregard that evidence, it must be presumed that the jury obeyed the trial court's directive, thus curing the error and rendering the error harmless. *State v. Hedger*, 115 Idaho 598, 601, 768 P.2d 1331, 1334 (1989); *State v. Rolfe*, 92 Idaho 467, 471, 444 P.2d 428, 432 (1968); *State v. Boothe*, 103 Idaho 187, 192, 646 P.2d 429, 434 (Ct. App. 1982). This rule has been applied not only to improper testimony but also to the jurors' visual inspection of documentary exhibits, *State v. Urie*, 92 Idaho 71, 73-74, 437 P.2d 24, 26-27 (1968); *State v. Polson*, 81 Idaho 147, 162, 339 P.2d 510, 520 (1959), and to non-testimonial statements such as an outburst from a potential juror during voir dire examination that may have been heard by other prospective jurors. *State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997). In *Urie*, the Court held that any prejudicial matter contained in the objectionable documentary evidence was cured by the trial court's explicit admonition to the jury to totally disregard certain information contained in the

6

exhibit, concluding that "an error in admission of evidence can be cured by a proper instruction, and it must be presumed that the jury obeyed the trial court's instruction to disregard entirely the objectionable testimony." *Urie*, 92 Idaho at 74, 437 P.2d at 27; *State v. Ramsbottom*, 89 Idaho 1, 10, 402 P.2d 384, 389 (1965); *State v. McConville*, 82 Idaho 47, 50, 349 P.2d 114, 115 (1960); *Polson*, 81 Idaho at 162, 339 P.2d at 520; *State v. Autheman*, 47 Idaho 328, 336, 274 P. 805, 808 (1929); *State v. Knutson*, 47 Idaho 281, 286, 274 P. 108, 109 (1929). We are persuaded that the same rule should apply to the issue raised in this case.

Accordingly, we hold that when the district court sustained Harris's objection to the comments by the prosecutor and instructed the jury to disregard those comments, the error, if any caused by the prosecutor's comments, was cured because the jury presumptively obeyed the court's directives and disregarded the objectionable information in their deliberations in the case. This determination is consistent with the views of the Idaho Supreme Court expressed in *Perry,* encouraging the making of timely objections that could result in the error being prevented or the harm being alleviated, and that claims of prosecutorial misconduct should not be treated any differently from other trial errors.

## III.

## CONCLUSION

The appellant has failed to establish that she is entitled to any relief on this appeal. The judgment of conviction is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**