**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41284**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 649S |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 23, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JARED CHARLES HERGESHEIMER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |
| | ) | SUBSTITUTE OPINION |
| | ) | THE COURT'S PRIOR OPINION |
| | ) | DATED AUGUST 7, 2014, |
| | ) | IS HEREBY WITHDRAWN |
| | ) | |
| | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Kathryn A. Sticklen, District Judge. Hon. Daniel L. Steckel, Magistrate.

Order of the district court, on intermediate appeal from the magistrate division, affirming judgment of conviction for driving under the influence, affirmed.

Eric D. Fredericksen of Brady Law, Chtd., Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jared Charles Hergesheimer appeals from the district court's order on intermediate appeal affirming Hergesheimer's judgment of conviction for driving under the influence. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

On September 4, 2011, around 2:00 a.m., officers received a call regarding a possible domestic violence situation in the parking lot of an apartment complex. Four officers responded

1

in two vehicles.[1]  Upon arrival, the officers located Hergesheimer and his girlfriend.  The officers questioned each individually.  Upon contacting Hergesheimer, an officer handcuffed Hergesheimer, advised him he was not under arrest, and read him his *Miranda*[2] rights.  When asked if he understood these rights, Hergesheimer responded, "Can I have a drink of water?"  An officer responded he did not have any water and then proceeded to question Hergesheimer about the circumstances of the domestic violence call.  Hergesheimer denied any physical contact between him and his girlfriend, but admitted consuming alcohol earlier in the evening.

During this time, another officer spoke with the girlfriend.  She stated that Hergesheimer was nineteen years of age and had recently driven them to the current location.  She also confirmed no physical contact occurred.  The interviewing officers thereafter conferred with one another and concluded no domestic violence occurred.  However, officers now suspected Hergesheimer of underage consumption of alcohol and driving under the influence (DUI).  At this point, an officer removed Hergesheimer from the handcuffs and began to question him with regard to these possible crimes.  Eventually, officers inquired whether Hergesheimer drove to the parking lot and Hergesheimer responded with an affirmative head nod.  Hergesheimer then underwent field sobriety tests and failed.  Officers arrested Hergesheimer for DUI.  Hergesheimer provided two breath samples with results of .136 and .128.

The state charged Hergesheimer with DUI.  I.C. § 18-8004.  Hergesheimer moved to suppress the statements he made to officers, the results of the field sobriety tests, and the results of the breath test.  The magistrate denied the motion and Hergesheimer proceeded to trial.[3]  A jury found Hergesheimer guilty and he appealed to the district court.  The district court affirmed.  Hergesheimer again appeals.

## II.

### STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as the Idaho Supreme Court's.

---

[1]  Two of the officers had recently transferred to this department and were in training at the time of this call.

[2]  *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[3]  The state did not call Hergesheimer's girlfriend as a witness at trial.

The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or dismiss the decisions of the district court. *Id.*

## III.

## ANALYSIS

### A. Fifth Amendment Rights

Hergesheimer argues the magistrate erred in denying his motion to suppress because the incriminating statements he made were in violation of his Fifth Amendment rights. The state argues Hergesheimer failed to demonstrate he was in custody for *Miranda* purposes, and even if *Miranda* warnings were required, they were adequately given and Hergesheimer waived them.

Ordinarily, the determination of whether police are required to provide *Miranda* warnings presents a mixed question of law and fact. *State v. Silva*, 134 Idaho 848, 854, 11 P.3d 44, 50 (Ct. App. 2000). The trial court's findings of fact underlying the totality of the circumstances are reviewed for clear error, but application of constitutional standards to those facts is given free review. *State v. Kuzmichev*, 132 Idaho 536, 542-44, 976 P.2d 462, 468-70 (1999); *Silva*, 134 Idaho at 854, 11 P.3d at 50; *State v. Birkla*, 126 Idaho 498, 501, 887 P.2d 43, 46 (Ct. App. 1994).

The requirement for *Miranda* warnings is triggered by custodial interrogation. *State v. Medrano*, 123 Idaho 114, 117, 844 P.2d 1364, 1367 (Ct. App. 1992). The United States Supreme Court originally equated custody with a person being deprived of his or her freedom by the authorities in any significant way. *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). This test has evolved to define custody as a situation where a person's freedom of action is curtailed to a degree associated with formal arrest. *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *State v. Myers*, 118 Idaho 608, 610, 798 P.2d 453, 455 (Ct. App. 1990). The initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned. *Stansbury v. California*, 511 U.S. 318, 323 (1994). To determine if a suspect is in custody, the only relevant

3

inquiry is how a reasonable person in the suspect's position would have understood his or her situation. *Berkemer*, 468 U.S. at 442; *Myers*, 118 Idaho at 611, 798 P.2d at 456.

A court must consider all of the circumstances surrounding the interrogation. *Stansbury*, 511 U.S. at 322; *State v. James*, 148 Idaho 574, 577, 225 P.3d 1169, 1172 (2010). Factors to be considered may include the degree of restraint on the person's freedom of movement (including whether the person is placed in handcuffs), whether the subject is informed that the detention is more than temporary, the location and visibility of the interrogation, whether other individuals were present, the number of questions asked, the duration of the interrogation or detention, the time of the interrogation, the number of officers present, the number of officers involved in the interrogation, the conduct of the officers, and the nature and manner of the questioning. *See Berkemer*, 468 U.S. at 441-42; *James*, 148 Idaho at 577-78, 225 P.3d at 1172-73. The burden of showing custody rests on the defendant seeking to exclude evidence based on a failure to administer *Miranda* warnings. *James*, 148 Idaho at 577, 225 P.3d at 1172.

Here, the magistrate concluded Hergesheimer was not in custody for purposes of *Miranda*. We agree. The record demonstrates four officers responded to the scene at around 2:00 a.m. Hergesheimer and his girlfriend were located outside, in the parking lot of an apartment complex. When officers first contacted Hergesheimer, he was nearly 100 feet away with his back to officers. An officer called out to Hergesheimer and instructed him to take his hands out of his pockets. Upon approaching Hergesheimer, an officer frisked him and placed him into handcuffs. The officer then informed Hergesheimer he was not under arrest and explained he was being detained in handcuffs for officer safety. The officer then proceeded to question Hergesheimer regarding the domestic violence investigation. After the officer determined no domestic violence occurred, another officer removed Hergesheimer's handcuffs and began to question him with respect to underage consumption and DUI.

The totality of the circumstances demonstrates Hergesheimer's freedom was not curtailed to the degree associated with formal arrest at the time he made the incriminating statements. While four officers were present at the scene, only two officers questioned Hergesheimer. The tone of the questioning was not overbearing or confrontational. Further, at the time Hergesheimer made the incriminating statements, Hergesheimer was no longer in handcuffs. Moreover, the questioning took place out in the open in the parking lot of an apartment complex. An officer explained to Hergesheimer he was not under arrest. On balance, these factors indicate

4

Hergesheimer was not in custody. Therefore, *Miranda* warnings were not required and, thus, the magistrate correctly denied Hergesheimer's motion to suppress.

## B.    *Corpus Delicti* **Rule**

Hergesheimer also argues the magistrate erred in denying his Idaho Criminal Rule 29 motion for judgment of acquittal based on the *corpus delicti* rule. Hergesheimer contends retroactive application of the Idaho Supreme Court's decision in *State v. Suriner*, 154 Idaho 81, 294 P.3d 1093 (2013), eliminating the *corpus delicti* rule in Idaho, would violate constitutional principles of due process. Hergesheimer also contends that the state presented insufficient evidence to establish the *corpus delicti* of the charged offense. The state contends Hergesheimer is not entitled to application of the *corpus delicti* rule on appeal, and even if he were, the state presented sufficient evidence to establish the *corpus delicti* of the charged offense.

Assuming, without deciding, that Hergesheimer is entitled to application of the *corpus delicti* rule on appeal, we conclude the state provided sufficient evidence to comport with that rule.[4] The *corpus delicti* rule provides that the fact a crime has been committed cannot be proved solely by the extrajudicial confessions or statements of the defendant, and there must be some evidence or corroborating circumstances tending to show a crime has been committed, aside from such confessions or statements. *Suriner*, 154 Idaho at 83, 294 P.3d at 1095. The purpose of *corpus delicti* is to prevent errors in convictions based on false confessions, to act as a safeguard against the defendant's act of confessing but being mistaken that a crime occurred, and to force the prosecution to use its best evidence. *State v. Urie*, 92 Idaho 71, 76, 437 P.2d 24, 29 (1968) (McFadden, J., special concurrence); *State v. Roth*, 138 Idaho 820, 822, 69 P.3d 1081, 1083 (Ct. App. 2003).

To prove a crime generally, the state must provide evidence in the context of three broad elements: (1) an injury occurred; (2) criminal agency was involved in causing the injury; and (3) the identity of the person who caused the injury. *Roth*, 138 Idaho at 823, 69 P.3d at 1084. Under the standard formulations of the *corpus delicti* rule, the state must show the "body" of a crime by establishing the first two elements of a crime (the injury and the criminal agency) independent of a defendant's confession. *Id*. However, when the *corpus delicti* rule was in

---

[4]    With regard to the analysis in the remainder of this section, we acknowledge that all of the following cited cases have been overruled, abrogated, or distinguished by *State v. Suriner*, 154 Idaho 81, 294 P.3d 1093 (2013).

effect in Idaho, the state did not have to establish each element of the *corpus delicti* independent of a defendant's confession. *Urie*, 92 Idaho at 73, 437 P.2d at 26; *Roth*, 138 Idaho at 823, 69 P.3d at 1084. As the *corpus delicti* of the crime consisted of injury and criminal agency, the state needed only to independently corroborate one of those elements to meet its burden. *Roth*, 138 Idaho at 823, 69 P.3d at 1084. Only slight corroboration of the *corpus delicti* by independent evidence was required. *Urie*, 92 Idaho at 73, 437 P.2d at 26; *State v. Wilson*, 51 Idaho 659, 669, 9 P.2d 497, 500 (1932); *State v. Downing*, 23 Idaho 540, 544, 130 P. 461, 462 (1913); *State v. Keller*, 8 Idaho 699, 705, 70 P. 1051, 1052 (1902). Moreover, extrajudicial statements by the defendant that are consistent with the extrajudicial confession may be used to corroborate that confession. *Suriner*, 154 Idaho at 85, 294 P.3d at 1097; *Urie*, 92 Idaho at 73-74, 437 P.2d at 26-27. Thus, for a DUI under I.C. § 18-8004(1)(a), the state had to show slight corroborating evidence of the injury (the potential for injury resulting from an intoxicated driver) or criminal agency (someone was driving while intoxicated). *Roth*, 138 Idaho at 823, 69 P.3d at 1084.

Here, there was sufficient corroborating evidence that Hergesheimer drove while intoxicated. The evidence at trial consisted of the testimony of two officers and a five-minute excerpt of a recording of one of the officer's conversation with Hergesheimer. The officers located Hergesheimer near a vehicle that he later admitted he had driven. This was corroborated by Hergesheimer's prior statements indicating that he had not had a drink since he'd been parked in the lot and that his last drink was at another location twenty to thirty minutes prior, suggesting that he had recently driven the vehicle before parking it. Further, the audio recording of the conversation revealed that Hergesheimer acknowledged driving his girlfriend around earlier in the evening and acknowledged drinking that night prior to his confession that he had driven to the parking lot. Hergesheimer's confession that he had recently driven to the parking lot was also corroborated by his prior statement that he did not live at the apartments. Finally, the field sobriety tests indicated, and subsequent breath tests confirmed, that Hergesheimer was not only under the influence of alcohol, but over the legal limit. These prior incriminating statements combined with the surrounding circumstances, all of which were consistent with the subsequent confession, is enough corroborating evidence of Hergesheimer's confession to meet what was Idaho's version of the *corpus delicti* rule. Therefore, the magistrate did not err in denying Hergesheimer's motion for judgment of acquittal.

6

## IV.

## CONCLUSION

Hergesheimer was not in custody for *Miranda* purposes and, therefore, the magistrate correctly denied his motion to suppress. Further, even assuming Hergesheimer is entitled to application of the *corpus delicti* rule on appeal, the state presented sufficient corroboration of the *corpus delicti*. Accordingly, the district court's order on intermediate appeal affirming Hergesheimer's judgment of conviction for DUI is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**