79 P.3d 734

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Arthur Dell BROMGARD,
Defendant–Appellant.**

No. 27806.

Court of Appeals of Idaho.

Sept. 11, 2003.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant. Justin M. Curtis argued.

Hon. Lawrence G. Wasden, Attorney General; Charles Edward Zalesky, Deputy Attorney General, Boise, for respondent. Charles Edward Zalesky argued.

SCHWARTZMAN, Judge Pro Tem.

Arthur Dell Bromgard appeals from his judgment of conviction after he conditionally pled guilty to trafficking in methamphetamine or amphetamine by manufacturing, reserving the right to appeal the district court's denial of his motion to suppress. Bromgard also appeals from the district court's order denying his Idaho Criminal Rule 35 motion for reduction of sentence. We affirm.

## I.

### FACTS AND PROCEDURE

On the evening of January 18, 2001, officers were dispatched to a local store to check for Bromgard, who was wanted on a failure to appear arrest warrant. Dispatch had received information on Bromgard's location and his status as a wanted person.[1] The officers were advised that Bromgard was leaving the store in a brown, full-size Chevy pickup with a white camper shell. A specific license plate was given, and dispatch reported that the pickup had last been seen driving eastbound on a particular street from a particular location. Dispatch confirmed that Bromgard was wanted on a failure to appear felony arrest warrant and informed officers that Bromgard would lie about his identity.

After receiving the information, an officer saw the pickup pull into a motel and park in front of a room. The officer followed the pickup and activated his overhead lights. When the male driver exited, the officer ordered the driver back inside the vehicle. Other officers arrived at the scene to assist in the investigation. The driver was detained and questioned, identified himself as Donald Wayne Rich, and provided differing dates of birth. The driver matched the physical description of Bromgard that officers had obtained through their car computer. While questioning the driver, officers were informed by the passenger in the pickup that she was the driver's girlfriend and that the driver was Bromgard.[2] Based on this information and the felony warrant for his arrest, Bromgard was placed in custody.

Officers then conducted a search of Bromgard's pickup incident to his arrest. On the seat, the passenger side floorboard and elsewhere, officers discovered materials commonly used for manufacturing methamphetamine. Concerned that Bromgard and his girlfriend were manufacturing methamphetamine, officers asked the girlfriend for permission to enter the motel room she had been sharing with Bromgard. The girlfriend consented to a search of her belongings and gave officers her key to the room. Upon entry, officers immediately smelled a chemical odor and, in plain view, observed methamphetamine manufacturing paraphernalia throughout the room.

Based on the evidence gathered from the search of the pickup and motel room, Bromgard was charged with trafficking in methamphetamine or amphetamine by manufacturing. I.C. § 37–2732B(a)(3). After his

---

1. Evidence presented at the suppression hearing did not reveal whether the source of the tip had identified himself or herself to the dispatcher. Therefore, the district court treated the source as an anonymous tipster.

2. The driver later admitted to the officers that he was, in fact, Arthur Dell Bromgard.

motion to suppress was denied by the district court, Bromgard entered a conditional guilty plea, reserving the right to appeal the denial of his suppression motion. The district court sentenced Bromgard to a ten-year term of imprisonment, with a minimum period of confinement of five years. Bromgard's attorney then filed an unsupported I.C.R. 35 motion for reduction of sentence, but this motion was later summarily denied by the district court.

On appeal, Bromgard argues that the district court erred when it denied his motion to suppress and that the district court violated his due process rights by waiting an unreasonably long period of time to rule on his Rule 35 motion for reduction of sentence.

## II.

## ANALYSIS

### A. Motion to Suppress

Bromgard asserts that the police violated his Fourth Amendment rights by searching the pickup and the motel room without a warrant and that no warrantless search exception applied under the facts of his case. Bromgard argues that the police had no reasonable suspicion to conduct a traffic stop when he parked at the motel and that the unlawful stop rendered the search of the pickup incident to his arrest illegal.[3]

■ The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez–Molina,* 127 Idaho 102, 106, 897 P.2d 993, 997

(1995); *State v. Schevers,* 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct.App.1999).

■ The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and, therefore, violative of the Fourth Amendment. *State v. Weaver,* 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The state may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* However, when a search or seizure is conducted pursuant to a warrant, the defendant must prove, by a preponderance of the evidence, that his or her constitutional rights were violated by the search or seizure. *State v. Northover,* 133 Idaho 655, 658, 991 P.2d 380, 383 (Ct.App.1999).

■ A search incident to lawful arrest is among the well-recognized exceptions to the Fourth Amendment's warrant requirement. *Chimel v. California,* 395 U.S. 752, 762–63, 89 S.Ct. 2034, 2039–40, 23 L.Ed.2d 685, 693–94 (1969); *State v. McIntee,* 124 Idaho 803, 804, 864 P.2d 641, 642 (Ct.App.1993). In *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the United States Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id.* at 460, 101 S.Ct. 2860 (footnote omitted); *see also State v. Calegar,* 104 Idaho 526, 530, 661 P.2d 311, 315 (1983).

■ In this case, Bromgard argues that the search of the pickup did not fall within the search incident-to-arrest exception because the arrest was unlawful. Bromgard asserts that the arrest was unlawful because his initial detention was conducted illegally.[4] Generally, police may detain a person for purposes of investigating possible criminal behavior even though there is no probable

---

3. In his brief, Bromgard also contended that the search of the motel room was unlawful because his girlfriend's consent was coerced rather than given voluntarily. This issue was later withdrawn by defense counsel at oral argument.

4. Although Bromgard analyzes the stop by police as a traffic stop rather than an investigatory stop, the legal standards for each are the same.

cause to make an arrest. *State v. Manthei,* 130 Idaho 237, 239, 939 P.2d 556, 558 (1997). An investigatory stop is justified when, from the totality of the circumstances, an officer has reasonable suspicion to believe that the person has committed or is about to commit a crime. *Id.*

The United States Supreme Court has held that reasonable suspicion for an investigatory detention can arise from information that is less reliable than that required to show probable cause. *See Alabama v. White,* 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301, 308 (1990). In *White,* police received an anonymous tip that a woman would be leaving a particular apartment at a particular time and in a particular vehicle, that she would be going to a particular place, and that she would be in possession of illegal drugs. Police proceeded to the apartment, observed a woman leave the building in the car described, and followed her along the route toward her reported destination. The Court held that police were justified in stopping the woman just before arriving at her destination because police corroboration of the facts reported by the anonymous tipster established sufficient indicia of reliability. The Court stated that, standing alone, the tip received by police was completely lacking in the necessary indicia of reliability because it provided virtually nothing from which one might conclude that the caller was honest or his information reliable and gave no indication of the basis for the tipster's predictions regarding White's criminal activities. Although it was a close question, the Court held that the totality of the circumstances demonstrated that significant aspects of the informant's story were sufficiently corroborated by the police to furnish reasonable suspicion. Thus, although an anonymous tip standing alone is generally insufficient, it may contribute to the necessary reasonable suspicion when coupled with the officer's own corroboration of significant details of the tip.

█ Bromgard contends that officers lacked reasonable suspicion to justify his detention, but this argument fails to consider the existence, prior to the stop, of a valid warrant for his arrest. This Court has held that police, acting under a valid arrest warrant, may confirm the presence of the suspect and execute a warrant based upon reasonable belief. *See Northover,* 133 Idaho at 658, 991 P.2d at 383. In *Northover,* this Court held that an arrest warrant implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within.

Although the facts of this case differ from those in *Northover* where police entered a dwelling, Bromgard has suggested no compelling reason why a standard higher than reasonable belief should be required when police, acting under a valid arrest warrant, attempt to confirm the presence of the wanted person in an area subject to less protection than a dwelling. In this case, Bromgard was inside a vehicle in a public parking lot when police, pursuant to the arrest warrant and anonymous citizen tip, detained him for the limited purpose of confirming his identity. Under the standard set forth in *Northover,* the police were justified in doing so if they possessed a reasonable belief that Bromgard was in the pickup.

We conclude that, like reasonable suspicion, reasonable belief may be established using information provided by an anonymous source when the officer has corroborated significant details of the tip. The information provided to dispatch in this case was entitled to be given some amount of weight because the facts provided by the tipster were corroborated by police before the stop. Significantly, after receiving the information on Bromgard's location, dispatch confirmed that Bromgard was wanted on a failure to appear felony arrest warrant. Officers began looking for the vehicle by driving to the area where the pickup had last been seen. While there, an officer observed a pickup matching the description given to dispatch and traveling in the direction reported. The officer confirmed that the pickup displayed the license plate number given to dispatch. Thus, before detaining Bromgard, every significant detail provided by the anonymous source, except for the identity of the driver, had been corroborated. We conclude that the police corroboration of the information received from the caller established sufficient

indicia of the caller's reliability and that, under the totality of the circumstances, the stop was supported by reasonable belief that Bromgard, a man wanted on a felony warrant, was inside the pickup.[5]

## B. Rule 35 Motion for Reduction of Sentence

■ Bromgard argues that his due process rights were violated by the district court when it failed to rule on his Rule 35 motion with reasonable promptness—the district court waited sixteen months before denying his motion, by which time the district court had lost jurisdiction to grant relief. *See State v. Tranmer*, 135 Idaho 614, 21 P.3d 936 (Ct.App.2001). Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct.App.2001). However, we freely review the application of constitutional principles to those facts found. *Id.*

■ Under Rule 35, a motion for reduction of sentence must be filed within 120 days of the entry of the sentence. When a Rule 35 motion for reduction of sentence has been filed, the defendant's attorney carries the burden of precipitating action on the motion within a reasonable time or otherwise providing adequate justification for a delay. *State v. Day*, 131 Idaho 184, 186, 953 P.2d 624, 626 (1998). Failure to do so creates the risk that the trial court will lose jurisdiction to consider the motion. *Id.* Moreover, when a defendant files an unsupported Rule 35 motion, the district court is not required to provide a hearing or enter findings to support its denial of the motion. *State v. Strand*, 137 Idaho 457, 463, 50 P.3d 472, 478 (2002).

■ In this case, Bromgard's judgment of conviction and sentence was entered on September 11, 2001. Bromgard's attorney filed a Rule 35 motion on September 13, 2001. The motion stated that supporting documents would be forthcoming. Bromgard's attorney next filed a notice of hearing on July 3, 2002, and a hearing was scheduled for August 5, 2002, but no hearing ever took place. Bromgard's motion was eventually denied by the district court on January 29, 2003, as "untimely." We conclude that Bromgard failed to carry his burden of precipitating action on his Rule 35 motion within a reasonable period of time. Bromgard filed no documentation in support of his motion, waited nearly ten months to file a notice of hearing on the motion, and provided no justification for the delay. He cannot now complain on direct appeal that his right to due process has been violated.

### III.

### CONCLUSION

We hold that the investigatory stop and detention of Bromgard was supported by reasonable belief that he was present in the motor vehicle. Because his subsequent arrest was lawfully based upon an outstanding arrest warrant, the search of his automobile incident to his arrest was proper. The district court's denial of Bromgard's motion to suppress was not error. Additionally, Bromgard has failed to show that his due process rights were violated when the district court denied his Rule 35 motion for reduction of sentence sixteen months after it was filed. Bromgard's judgment of conviction and the district court's order denying Bromgard's Rule 35 motion are affirmed.

Chief Judge LANSING and Judge PERRY concur.

---

**5.** Unlike the information provided to the police in *Alabama v. White*, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301, the tipster's information about Bromgard did not include predictive information that could be corroborated by police. We conclude that such predictive elements are not essential for *reasonable belief*. We imply no opinion, however, that *reasonable suspicion* for a stop to investigate possible independent criminal behavior could be found on these facts. *See and compare State v. Hankey*, 134 Idaho 844, 11 P.3d 40 (2000) with *State v. Deccio*, 136 Idaho 442, 34 P.3d 1125 (Ct.App.2001).