IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37387

| STATE OF IDAHO, | ) | 2011 Opinion No. 75 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 15, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JUSTIN BRADLEY DAVIS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for attempted strangulation, affirmed.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

———————————————————————————

GUTIERREZ, Judge

Justin Bradley Davis appeals from his judgment of conviction for attempted strangulation entered pursuant to his conditional guilty plea. Specifically, Davis contends the district court erred in denying his motion to dismiss the information upon which he was charged. For the reasons set forth below, we affirm.

## I.

## BACKGROUND AND PROCEDURE

The Boise City Police Department received an anonymous tip that Kristy Robinson had been beaten by her then-boyfriend, Davis. Detective Brechwald, who investigated the tip, first contacted Robinson to confirm she was the victim of the reported domestic abuse and later conducted a videotaped interview with Robinson. In the interview, Robinson acknowledged her previous relationship with Davis, gave a thorough account of his abuse, and detailed events leading up to and including the attempted strangulation. Detective Brechwald then interviewed

Davis about the situation. Davis disclosed he had dated Robinson, but initially denied any physical abuse. As the discussion continued, though, Davis made incriminating statements, which included an admission that he had grabbed Robinson's neck and possibly hurt her. Based on both interviews, the prosecuting attorney filed a criminal complaint against Davis alleging felony attempted strangulation.

At the preliminary hearing on the complaint, the State called Detective Brechwald to testify regarding Davis's confession and then rested. Davis moved to dismiss the complaint because the only evidence presented was the uncorroborated confession by Davis himself. In response, the State attempted to introduce additional evidence by questioning Detective Brechwald about his videotaped interview with Robinson. Davis objected on hearsay grounds, which the court sustained. Detective Brechwald then testified that shortly after his videotaped interview with Robinson a drunk driver hit Robinson, and as a result, she had no recollection of the attempted strangulation incident or the videotaped interview with the police. Robinson was called to the stand and testified to the same. After recalling Detective Brechwald, the State attempted to introduce his police report and to revisit questioning regarding the interview, but the magistrate required the State to produce the actual videotape. The State retrieved the videotape and played it for the magistrate, who nonetheless declined to admit the videotape into evidence without Robinson's medical records showing the memory impairment. However, the magistrate reconsidered and without formally admitting the tape into evidence, found it did corroborate the testimony of Detective Brechwald. Together, the videotape and the testimony established probable cause to sustain the complaint. The magistrate bound Davis over to the district court.

In district court, Davis moved to dismiss the information charging one count of attempted strangulation, Idaho Code § 18-923, arguing a lack of probable cause at the preliminary hearing. He asserted that consideration of the videotape violated his Sixth Amendment right to confront witnesses under *Crawford v. Washington*, 541 U.S. 36 (2004) because Robinson's interview was testimonial, she was "unavailable" as a witness, and Davis did not have a prior opportunity to cross-examine her. Assuming the videotape was, therefore, improperly considered, the only evidence on which the information rested was the testimony of Detective Brechwald relating to Davis's own incriminating statements. Davis argued the principle of corpus delicti, prohibiting conviction based solely on a defendant's own confession, required dismissal of the information

2

on the basis of insufficient evidence. The district court denied the motion, finding that although the videotape was testimonial, Robinson was an available witness.

Davis entered a conditional guilty plea, reserving his right to appeal the district court's denial of his motion to dismiss the information. Davis appeals and we now consider whether the district court's decision was in error.

## II.

## DISCUSSION

### A. Standard of Review

This Court reviews a district court's decision on a motion to dismiss a criminal action for an abuse of discretion. *State v. Dixon*, 140 Idaho 301, 304, 92 P.3d 551, 554 (Ct. App. 2004); *see* Idaho Criminal Rule 48(a). When a trial court's discretionary decision is reviewed on appeal, the Court determines whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) reached its decision by an exercise of reason. *State v. Hedger* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *State v. Pole*, 139 Idaho 370, 372, 79 P.3d 729, 731 (Ct. App. 2003).

This case involves the second step of our inquiry, whether the district court applied the correct legal standards in regards to a constitutional question. When reviewing the constitutional issue of whether there was a Sixth Amendment Confrontation Clause violation, we accept the trial court's factual findings unless they are clearly erroneous, but freely review whether constitutional requirements have been satisfied in light of the facts found. *State v. Hooper*, 145 Idaho 139, 142, 176 P.3d 911, 914 (2007); *State v. Bromgard*, 139 Idaho 375, 380, 79 P.3d 734, 739 (Ct. App. 2003).

### B. Application of Laws to Preliminary Hearings

The question Davis presents to this Court is a narrow one: whether Robinson was effectively absent from the trial for purposes of his Sixth Amendment right to confrontation. Answering in the affirmative, however, does not necessarily lead to the dismissal of the information because this question is layered atop two other premises not answered by Idaho law or preserved on appeal for this Court to decide. Davis fundamentally advances three arguments. First, he argues that due to her memory loss, Robinson was effectively not a witness subject to cross-examination at trial. Second, Davis contends that, because he had no prior opportunity to

cross-examine her, the State's use of Robinson's videotaped, testimonial statements at the preliminary hearing to corroborate his own confession violated his confrontation rights. Finally, he argues that without the use of such evidence, the district court erred by not dismissing the information based on lack of probable cause at the preliminary hearing. For this final argument, Davis relies on the corpus delicti rule that a defendant may not be convicted based only on his own confession. Consequently, if this Court concludes that Robinson was not a witness present and subject to cross-examination, it only leads to dismissal if Davis's second and third arguments also prove correct. To elaborate, Robinson's unavailability would only matter if the confrontation right and the corpus delicti rule are applicable to a preliminary hearing, yet these issues remain unanswered.

The Confrontation Clause gives a criminal defendant the right "to be confronted with the witnesses against him" in both federal and state prosecutions. U.S. CONST. amend. VI; *Crawford*, 541 U.S. at 42; *Pointer v. Texas*, 380 U.S. 400, 404 (1965). Still, the United States Supreme Court has held "the right to confrontation is primarily a *trial* right," providing a criminal defendant the ability to literally face his accusers and subject them to cross-examination. *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987); *see also Delaware v. Fensterer*, 474 U.S. 15, 18 (1985); *California v. Green*, 399 U.S. 149, 157 (1970) (Confrontation is the "literal right to 'confront' the witness at the time of *trial*." (emphasis added)). Before trial, the Confrontation Clause does not compel pretrial discovery, which may aid in effective cross-examination. *Ritchie*, 480 U.S. at 52-53 (plurality opinion). However, the United States Supreme Court has not positively decided the issue of whether confrontation rights apply to a preliminary hearing, and there is a split in state courts on the subject. *See State v. Timmerman*, 218 P.3d 590, 593 (Utah 2009) (*Crawford*'s holding does not extend to state preliminary hearings); *cf. State v. Massengill*, 657 P.2d 139, 140 (N.M. Ct. App. 1983) ("Sixth Amendment right to confront witnesses at trial extends to the preliminary examination stage of a criminal prosecution."). Idaho courts have not decided the issue.[1]

---

[1] The fact that Idaho Rule of Criminal Procedure 5.1 guarantees a criminal defendant the right to cross-examine adverse witnesses at a preliminary hearing does not, contrary to what Davis argues, change whether that examination is a *constitutional* right. To the contrary, "All jurisdictions grant the defense a right to cross-examine . . . witnesses presented by the prosecution at the preliminary hearing. This right is based on local law; the Supreme Court has long held that cross-examination at a preliminary hearing is not required by the confrontation

4

Even assuming the confrontation right attached at that early stage in criminal proceedings and required the exclusion of Robinson's videotaped statements at the preliminary hearing, dismissal of the information would only be required if the State has an obligation to corroborate Davis's confession at that time. In other words, the corpus delicti rule also needs to apply to a preliminary hearing.

The rule of corpus delicti, meaning "the body of the crime," refers to the evidence needed to establish that the crime charged was actually committed. *State v. Suriner*, ___ Idaho ___, ___, ___ P.3d ___, ___ (Ct. App. Oct. 14, 2011). The rule prohibits conviction of a criminal defendant based solely upon the defendant's own out-of-court confession. *Id.*; *see State v. Tiffany*, 139 Idaho 909, 913, 88 P.3d 728, 732 (2004); *State v. Urie*, 92 Idaho 71, 73, 437 P.2d 24, 26 (1968). It is, for all intents and purposes, a rule regarding the sufficiency of evidence used to convict a criminal defendant. *See e.g. State v. Owens*, 101 Idaho 632, 634, 619 P.2d 787, 789 (1979); *State v. Johnson*, 96 Idaho 727, 730, 536 P.2d 295, 298 (1975). Although Idaho adheres to the rule of corpus delicti, albeit a relaxed form, a review of case law demonstrates that our courts have not decided if it is applicable at the preliminary hearing stage of criminal proceedings. *See Tiffany*, 139 Idaho at 912, 88 P.3d at 731 (argued on a motion for judgment of acquittal made at conclusion of the State's trial evidence); *Johnson*, 96 Idaho at 728, 536 P.2d at 296 (found guilty by a jury trial); *Urie*, 92 Idaho at 73, 437 P.2d at 26 (conviction upon a jury verdict); *Thomas v. State*, 145 Idaho 765, 767, 185 P.3d 921, 923 (Ct. App. 2008) (petition for post-conviction relief); *State v. Webb*, 144 Idaho 413, 414, 162 P.3d 792, 793 (Ct. App. 2007) (in the context of a jury trial); *State v. Roth*, 138 Idaho 820, 822, 69 P.3d 1081, 1083 (Ct. App. 2003) (conviction after a bench trial). Notably, one case from the Idaho Supreme Court suggests that corpus delicti is only placed in issue by a plea of not guilty, which cannot occur on a felony charge until after the charge by information or indictment. *See State v. Cutler*, 94 Idaho 295,

clause of the Sixth Amendment." 4 WAYNE R. LAFAVE, ET. AL., CRIMINAL PROCEDURE § 14.4(c) (3d ed. 2007). LaFave's conclusion that the Confrontation Clause does not apply to preliminary hearings is based on his reading of a statement in *Goldsby v. United States*, 160 U.S. 70, 73 (1895): "The contention at bar, that, because there had been no preliminary examination of the accused, he was thereby deprived of his constitutional guaranty to be confronted by the witnesses, by mere statement, demonstrates its error."

296, 486 P.2d 1008, 1009 (1971) ("One of the material allegations placed in issue by a plea of not guilty is that of the corpus delicti of the crime.").[2]

So, though we decide the issue properly before this Court, whether Robinson was an available witness for purposes of the confrontation right, we do not purport to answer the questions of whether the Confrontation Clause or the rule of corpus delicti apply to preliminary hearings in Idaho.

## C.    Availability of a Witness

As stated, the Confrontation Clause gives a criminal defendant the right to be confronted with the witnesses against him. U.S. CONST. amend. VI; *Crawford*, 541 U.S. at 42. Within this context, "confrontation" is construed as requiring an adequate opportunity to cross-examine an adverse witness. *United States v. Owens*, 484 U.S. 554, 557 (1988). The effect of this right is that the prosecution may not use testimonial statements of an unavailable witness at trial unless the defendant has had a prior opportunity to cross-examine the witness. *Crawford*, 541 U.S. at 53-54. To use such statements under *Crawford*, therefore, requires a threshold finding that the statements are testimonial. *Id.* at 51. Testimonial statements are statements of a witness made to a government officer, including not only prior sworn testimony, but also statements taken by police through interrogation where such information is reasonably expected to be used in a prosecution. *Id.* at 51-52. It is clear that Robinson's statements in this case are testimonial and meet the threshold.

To use testimonial statements of a witness absent from trial, the prosecution must demonstrate that (1) the witness is unavailable for trial and (2) the defendant had a prior opportunity to cross-examine the witness. *Id.* at 59. Here, Robinson was present and testified at the preliminary hearing, but Davis argues her memory loss made her presence ineffective for

---

[2]      Furthermore, other jurisdictions are divided on the question of whether to apply corpus delicti to a preliminary hearing. *See Rayyis v. Superior Court*, 35 Cal. Rptr. 3d 12, 23 (Cal. Ct. App. 2005) (corpus delicti rule as it relates to sufficiency of the evidence does apply to preliminary hearings); *Commonwealth v. Meder*, 611 A.2d 213, 215 (Pa. 1992) (prosecution was required to prove the corpus delicti at the preliminary hearing). *But see State v. Jones ex rel. County of Maricopa*, 6 P.3d 323, 328 (Ariz. Ct. App. 2000) (corpus delicti rule is for the trial court, making application during a preliminary hearing premature); *State ex rel. Peterson v. Ward*, 707 P.2d 1217, 1219 (Okla. Crim. App. 1985) ("[C]orroboration of a confession by independent evidence of the corpus delicti is not required in order for the State to prevail at preliminary hearing.").

purposes of cross-examination and that he had no earlier opportunity to cross-examine her. Davis contends that because Robinson had no memory of the facts of this case even at the time of the preliminary hearing, he had no prior adequate opportunity to cross-examine her. His argument rests on an asserted right to cross-examine the witness at a time when she could recall at least some events to which she spoke, otherwise the use of the videotaped statements violated his confrontation rights. Thus, we look to cases that discuss how memory loss can affect a defendant's opportunity to cross-examine an adverse witness at trial.

In *Green*, the United States Supreme Court decided whether a witness's prior, out-of-court statement could be used at trial. Though not directly dealing with that witness's memory, the Supreme Court, in its consideration of what confrontation requires, stated, "[W]here the declarant is not absent, but is present to testify and to submit to cross-examination, our cases, if anything, support the conclusion that the admission of his out-of-court statements does not create a confrontation problem." *Green*, 399 U.S. at 162. The Supreme Court maintained that when the State has made every effort to introduce its evidence through live testimony, produces the witness at trial, and tenders that witness for cross-examination, nothing in the Confrontation Clause bars the State from also relying on that witness's prior testimony to prove its case--whether the witness's testimony is consistent or inconsistent, or whether the witness claims memory loss, claims the privilege against self-incrimination, or simply refuses to answer. *Id.* at 167-68.[3] In terms of "full and effective" cross-examination, the Supreme Court reasoned that effective confrontation is possible only if the witness affirmed the statement as his, but went on to say that the Confrontation Clause "does not require excluding from evidence the prior statements of a witness who concedes making the statements, and who may be asked to defend or otherwise explain" the statements. *Id.* at 164. Regarding the ability to defend or explain such

---

[3]    This case dealt with both the witness's prior testimony at a preliminary hearing and his out-of-court statements to a police officer. The Supreme Court, however, said:

> [W]e find little reason to distinguish among prior inconsistent statements on the basis of the circumstances under which the prior statements were given. The subsequent opportunity for cross-examination at trial with respect to both present and past versions of the event, is adequate to make equally admissible, as far as the Confrontation Clause is concerned, both the casual, off-hand remark to a stranger, and the carefully recorded testimony at a prior hearing.

*California v. Green*, 399 U.S. 149, 168 (1970).

a statement, the *Green* Court left open the question of whether an apparent lapse in memory could so affect the right to cross-examine as to a make a critical difference in the application of the Confrontation Clause. *Id*. at 168-69.

In *Fensterer*, the United States Supreme Court only partially answered the question of whether a Confrontation Clause violation could be founded upon a witness's loss of memory. *Fensterer*, 474 U.S. at 15. The *Fensterer* Court held the Confrontation Clause was not violated when an expert was allowed to testify as to the opinion he had formed even though he could not recall why he had formed it. The Supreme Court explained that an opportunity to cross-examine is not the equivalent of a "guarantee that every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion." *Id*. at 21-22. Rather, where a witness's memory is faulty, a jury may be persuaded that the opinion is just as unreliable as his memory. *Id.* at 19. The *Fensterer* Court distinguished its holding from the question that remained unanswered by *Green*, on the basis that the latter involved the introduction of a prior, out-of court statement and not in-court testimony. *Id.* at 18; *see Owens*, 484 U.S. at 558.

The United States Supreme Court directly answered the question from *Green* in *Owens*, where it held that a defendant's confrontation rights were not violated by the State's use of a witness's prior, out-of-court identification even though the witness admitted at trial he could not remember the basis for that identification. *Owens*, 484 U.S. at 559, 564. As stated therein, confrontation is simply the opportunity to expose a witness's infirmities through cross-examination and persuade a fact-finder to give the adverse testimony less weight:

> [Confrontation] is not denied when a witness testifies as to his current belief but is unable to recollect the reason for that belief. It is sufficient that the defendant has the opportunity to bring out . . . (what is often a prime objective of cross-examination) the very fact that he has a bad memory. If the ability to inquire into these matters suffices to establish the constitutionally requisite opportunity for cross-examination when a witness testifies as to his current belief, the basis for which he cannot recall, we see no reason why it should not suffice when the witness' past belief is introduced and he is unable to recollect the reason for that past belief.

*Id.* at 559 (citations omitted). The right to confrontation "guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Id.* Even though the out-of-court identification is

8

classified as hearsay, where the declarant is present to testify and subjected to cross-examination, constitutional requirements are satisfied. *Id.* at 560. The Supreme Court refused to draw a constitutional line between a witness's past belief, as in *Fensterer*, and a witness's current belief, as in *Owens*, for neither of which the basis could be recalled.

From these cases, we discern the following: where a declarant is present to testify and to submit to cross-examination, the admission of her out-of-court statements does not create a confrontation problem; the right to confrontation is not a guarantee of eliciting witness testimony that is free from a fallible memory; and memory loss is insufficient as a sole basis to argue a Confrontation Clause violation--as, often, the very point of cross-examination is to expose the testimony's unreliability due to the loss of memory, and confrontation with a present declarant and cross-examination provides that opportunity. Though these cases predate *Crawford*, the reasoning in *Crawford* does not undermine the precedential value of their holdings.

Davis nevertheless argues, in the wake of these cases, that Robinson is unavailable because her memory loss so affected his opportunity to cross-examine her that it became futile, as she could neither defend nor explain *at all* the statements she made to Detective Brechwald. He argues not only that this case is distinguishable from *Owens*, but also that finding Robinson "absent" from the trial would comport with the definition in Idaho Rule of Evidence 804(a) regarding the "Unavailability as a Witness." The State counters that Davis's argument confuses unavailability in Idaho Rule of Evidence 804 with *Crawford* unavailability. Quoting Crawford, 541 U.S. at 59 n.9, the State asserts, "The footnote nine in *Crawford* is very, very specific, and it says that 'When a declarant appears for cross-examination at trial, the confrontation clause places no restraints at all on the use of his prior testimonial statements.'" The State argues Robinson is not absent for purposes of Davis's right to confrontation.

Davis's argument is primarily the question presented by *Green* and answered in *Owens*. It is true that in *Owens*, the witness could recall the attack and remembered identifying the perpetrator. However, for *purposes of the identification*, the precise reason why his testimony was introduced, he could not recall details which led him to believe the defendant was his attacker. This case is akin to such a circumstance generically described in *Owens*, where the witness's past belief is introduced, yet she is unable to recollect the reason for that past belief. For purposes of corroborating Davis's incriminating statements, the precise reason Robinson's statements were introduced, she is unable to recall the basis for why she made such statements.

9

Though it may impede Davis's ability to cross-examine, the confrontation right does not guarantee effective confrontation in the way a defendant desires. Effective confrontation is possible where the witness is present, affirms the statement as her own, and the defendant has the opportunity to expose the infirmities of that witness. Based on the above cases and the facts of this case, Davis has not established that Robinson was unavailable for purposes of the right to confrontation.

Furthermore, whether or not a witness is unavailable for purposes of a hearsay exception is not equivalent to whether that witness is present for purposes of analyzing a defendant's confrontation rights. Instead, the *Owens* Court declared, "Our constitutional analysis is not altered by the fact that the testimony here involved an out-of-court identification that would traditionally be categorized as hearsay." *Owens*, 484 U.S. at 560. Hearsay exceptions are generally tested for some "indicia of reliability," but such an inquiry is unnecessary under the confrontation right where the hearsay declarant is present at trial and subject to cross-examination. *Id.* Similarly, in *Crawford*, the Supreme Court declined to examine a confrontation issue based on the measures of reliability found in hearsay rules. *Crawford*, 541 U.S. at 61-62. The confrontation right is a procedural right, testing reliability in a particular manner, and the rationales and justifications behind the hearsay rules of evidence test reliability in an entirely different manner--based on the subject and context upon which the statements were given. *Id.* For under the Confrontation Clause, where the declarant is present at trial, a defendant's confrontation right is not placed in issue by the use of that witness's prior testimonial statements. *Id.* at 59. The inquiry of whether such prior testimonial statements violate a different substantive right is left to the hearsay rules.

### III.

### CONCLUSION

We conclude the district court did not abuse its discretion is denying the motion to dismiss the information because Robinson was present at the preliminary hearing, subject to cross-examination, and available for purposes of Davis's right to confrontation. Accordingly, Davis's judgment of conviction for attempted strangulation is affirmed.

Chief Judge GRATTON and Judge LANSING **CONCUR.**