# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46567

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 21, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JEFFREY EDWARD GREER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for felony possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Jeffrey Edward Greer appeals from his judgment of conviction for felony possession of a controlled substance. Specifically, he challenges the district court's denial of his motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

After a hearing on Greer's motion to suppress, the district court found the following facts, which Greer does not dispute on appeal:

> On December 14, 2017, around 3:30 a.m., Boise Police Officer Andrew Morlock went looking for the defendant, Jeffrey Greer, because he had been advised that a warrant for Failure to Appear had been issued for him. At the start of his shift, he checked that the warrant was still outstanding and active. He obtained a booking photograph and description of the defendant and the address of his residence. He was looking specifically for the defendant. Officer Morlock

1

drove past the residence in his patrol car with all lights turned off. He continued eastbound and, a block further from the residence, he saw a man sitting in a 2012 Honda Civic coupe. Driving slowly, using his left alley light, he recognized the defendant who also turned towards him as he passed by. The alley light is a bright white light. The defendant's appearance matched the booking photograph. Officer Morlock made a U-turn and hit his overhead red-blue lights and arrested the defendant on the no-bond arrest warrant. Before the arrest, the defendant put the driver's side window down and pleaded extensively for the officer not to arrest him on the warrant. The window was still down when the defendant got out of the car in response to the officer's instructions. The defendant was placed in handcuffs in the back of the patrol car. Officer Morlock walked around the outside of the defendant's car and shined a flashlight inside but did not see anything that concerned him. He returned to his patrol car and asked the defendant what he wanted him to do with the car. The defendant asked him to secure it where it was. Officer Morlock, who had the keys, went back to put the window up and lock the car. The driver's door was still open. The officer leaned into the car to put the keys in the ignition in order to close the window. As he looked down, he saw a baggie in plain view which appeared to contain illegal drugs in the console. He seized the baggie. The substance in the baggie later tested positive for methamphetamine. Although he had not seen it previously when he was shining his flashlight inside the car while he walked around the exterior, once he leaned into the car to turn on the ignition it was easily visible.

As a result of this incident, the State charged Greer with possession of a controlled substance, Idaho Code § 37-2732(c). Greer filed a motion to suppress in which he challenged whether Officer Morlock had reasonable suspicion to seize Greer and questioned the veracity of Officer Morlock's claim that he saw the baggie in plain view. At the hearing on the motion to suppress, Officer Morlock testified. After the hearing, the district court issued a written decision denying Greer's motion. Thereafter, Greer conditionally pled guilty to the charge and reserved his right to appeal the court's denial of his motion to suppress. Greer timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d

2

659, 662 (Ct. App. 1999). "When a search or seizure is conducted pursuant to a warrant, the defendant must prove, by a preponderance of the evidence, that his or her constitutional rights were violated by the search or seizure." *State v. Landreth*, 139 Idaho 986, 988, 88 P.3d 1226, 1228 (Ct. App. 2004).

## III.

## ANALYSIS

### A.     Reasonable Suspicion

Greer argues the district court erred by ruling Officer Morlock had reasonable suspicion to detain Greer. The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). Reasonable suspicion "does not require a belief that any *specific* criminal activity is afoot to justify an investigative detention; instead, all that is required is a showing of objective and specific articulable facts giving reason to believe that the individual has been or is about to be involved in *some* criminal activity." *State v. Perez-Jungo*, 156 Idaho 609, 615, 329 P.3d 391, 397 (Ct. App. 2014). Evidence sufficient to establish reasonable suspicion is "less than that necessary to establish probable cause" but requires "more than a mere hunch." *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009). Whether an investigative detention is justified is evaluated under the totality of the circumstances known to the officer at the time. *State v. Grigg*, 149 Idaho 361, 363, 233 P.3d 1283, 1285 (Ct. App. 2010).

This Court has previously ruled in *State v. Bomgard*, 139 Idaho 375, 79 P.3d 734 (Ct. App. 2003), that a police officer may detain a suspect if the officer acts pursuant to a valid arrest warrant and has reasonable suspicion the individual detained is the suspect. In that case, Bomgard was wanted on a warrant for failure to appear, and police officers were dispatched to locate him. *Id.* at 377, 79 P.3d at 736. Based on an anonymous tip about Bomgard's location in a pickup truck, an officer located the pickup, followed it, and activated his overhead lights. *Id.*

3

The driver of the pickup matched the physical description of Bomgard that officers had obtained through their car computer. *Id.* After Bomgard's passenger identified Bomgard, the officers arrested him. *Id.* During a search incident to Bomgard's arrest, the officers discovered material commonly used for manufacturing methamphetamine, and the State charged Bomgard with trafficking methamphetamine by manufacturing. *Id.* Bomgard filed a motion to suppress, which the court denied. Bomgard appealed the denial, arguing the officers lacked reasonable suspicion to detain him. *Id.* at 379, 79 P.3d at 738. This Court rejected Bomgard's argument, stating it failed "to consider the existence, prior to the stop, of a valid warrant." *Id.*

Relying on *State v. Northover*, 133 Idaho 655, 991 P.2d 380 (Ct. App. 1999), the Court in *Bomgard* noted that police acting under a valid warrant may confirm the presence of the suspect in a dwelling and execute the warrant based on a reasonable belief of the suspect's presence in that dwelling. *Bomgard*, 139 Idaho at 379, 79 P.3d 738. Expanding on this rule, the Court concluded that "no compelling reason [justified] a standard higher than reasonable belief . . . when police, acting under a valid warrant, attempt to confirm the presence of the wanted person in an area subject to less protection than a dwelling." *Id.* In other words, officers may detain an individual in a vehicle if they are acting pursuant to a valid arrest warrant and have reasonable suspicion the individual is subject to the warrant. Accordingly, this Court held that reasonable suspicion justified Bomgard's detention based on the totality of circumstances, which included a corroborated, anonymous tip that Bomgard was in the area in the pickup. *Id.*

As in *Bomgard*, Greer never challenged the validity of the warrant Officer Morlock executed to arrest Greer. Instead, on appeal, Greer argues reasonable suspicion did not justify his detention because Officer Morlock did not have "sufficient knowledge" that the arrest warrant for Greer was "active" when he turned on the overhead lights and because Officer Morlock's initial questioning suggested he was uncertain about Greer's identity. Greer's arguments are unpersuasive. The district court found that "at the start of [Officer Morlock's] shift, he checked that the warrant was still outstanding and active." Further, the court found that Officer Morlock "obtained a booking photograph and description of [Greer] and the address of his residence"; "recognized the defendant who . . . turned towards him" while Officer Morlock was driving near Greer's residence; and Greer's "appearance matched the booking photographs." Greer does not challenge these findings on appeal. Moreover, they are supported by substantial

4

and competent evidence. Based on these findings, the district court did not err by concluding reasonable suspicion justified Greer's detention.

**B.    Plain View**

Greer also argues the district court erred by concluding Officer Morlock saw the baggie of methamphetamine in plain view. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and to violate the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* Plain view is a well-recognized exception to the warrant requirement and permits a warrantless seizure where certain conditions are met. *Baldwin v. State*, 145 Idaho 148, 155, 177 P.3d 362, 369 (2008). Those conditions are that: (1) there must be a lawful intrusion or the officer must otherwise properly be in a position to view a particular area; and (2) it must be immediately apparent the items viewed are contraband or evidence of a crime. *Id.*

Greer does not specifically address either of these conditions. Instead, he argues that if the baggie was in plain view, then Officer Morlock could have seen the baggie when he initially walked around Greer's vehicle with a flashlight. We reject this argument based on the district court's credibility finding. The court found it "credible that [Officer Morlock] did not see the baggie until he was inside the car. His quick flashlight walk around [the car] did not give the same view that he had when he leaned in to turn on the car so that he could put the window up." Based on this finding, the court concluded that "the baggie was in plain view." This Court defers to this credibility finding and will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998).

Greer also asserts it is "troubling" Officer Morlock had turned off his body camera before entering the car and finding the baggie. Greer's apparent suggestion is Officer Morlock's testimony about finding the baggie in plain view in the car was dishonest. This concern, however, is likewise resolved by the district court's finding that Officer Morlock's testimony was credible.

5

**IV.**

**CONCLUSION**

Greer fails to show the district court erred by ruling that Officer Morlock had reasonable suspicion to detain Greer or that the baggie was in plain view. Accordingly, we affirm Greer's judgment of conviction and the district court's order denying his motion to suppress.

Judge GRATTON and Judge LORELLO **CONCUR**.